**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER D. DORCH,

    Plaintiff,

v.                                                                Case No. 09-13936

RITA CRITTENDEN and MICHAEL A. NOWAK,

    Defendants.

                                                      /

**OPINION AND ORDER OVERRULING OBJECTIONS, ADOPTING THE
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND GRANTING
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On January 29, 2010, Defendants' moved the court for summary judgment. Magistrate Judge Mark A. Randon filed his "Report and Recommendation" ("R&R") on July 20, 2010. The court adopted the R&R in the absence of objections on August 17, 2010. After Plaintiff filed a motion for reconsideration of the order adopting the R&R in which he persuasively demonstrated that he had not been served with the R&R, the court vacated that order and set a deadline for Plaintiff to place his objections in the prison mail. Plaintiff timely mailed those objections, and the time has passed for Defendants to file a response. *See* Fed. R. Civ. P. 72(b)(2). After a careful consideration of Plaintiff's objections, the court finds that any error by the Magistrate Judge was harmless, and as Plaintiff has not shown that there is a genuine dispute as to any material fact, the recommendation of a grant of summary judgment will be adopted.

**I. STANDARD**

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *accord United States v. Raddatz*, 447 U.S. 667, 673-82 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review, in turn, requires this court to re-examine all of the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1). The court may "receive further evidence" if desired. *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately." *Walters*, 638 F.2d at 949-50. The Supreme Court upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." 474 U.S. at 147 (footnote omitted).

An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. *See, e.g.*, *Slater v. Potter,* 28 F. App'x 512, 513 (6th Cir. 2002) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d

2

505, 508 (6th Cir. 1991) ("It is arguable in this case that Howard's counsel did not file objections at all. . . . [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong."). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie,* 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard*, 932 F.2d at 509).

Further, "only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have." *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

## II. DISCUSSION

### A. Objection # 1

Plaintiff's first objection is directed to portions of the summary of facts in the R&R. Plaintiff contends the Magistrate Judge erred in stating that Plaintiff alleges in his complaint that Defendants retaliated against him by preparing a Security Classification Screen in response to Plaintiff filing a "Petition for Superintendent Control." Plaintiff says that he laid out the events described in the complaint chronologically, and so the paragraphs describing the Security Classification Screen and the petition in his criminal appeal were adjacent to each other, but unrelated; that is, he does not allege retaliation on this ground.

In addition, Plaintiff argues the Magistrate Judge erred in using the introductory clause in the sentence: "Rather than grieve his transfer, Plaintiff served Defendants, via overnight mail, with a 'Notice of Claim' complaining of a 'retaliatory transfer' in response

3

to his First Amendment expression." (R&R 3 (quoting Compl. ¶¶ 47-51).)  Plaintiff asserts that the service of the "Notice of Claim" documents was in fact his attempt to engage in the grievance process by looking to resolve the issue informally with Defendants before he would be permitted, under prison regulations, to file a formal grievance.

The court need not discern whether the Magistrate Judge erred in this regard, because even if these factual findings were error, they were certainly harmless.  The court understands, with the clarification provided by Plaintiff's objections, that Plaintiff's suit solely seeks relief for alleged retaliation in the form of the issuance of "Major Misconduct Reports" ("Reports") in response to Plaintiff's mailing of the "Notice" and "Notice of Claim" documents.  The Magistrate Judge's sound recommendation of a grant of summary judgment for failure to exhaust administrative remedies is not disturbed by any mistaken factual statements, if they were indeed mistaken, of Plaintiff's intent in mailing his "Notice" and "Notice of Claim" documents and of an additional basis of retaliation.  Therefore, while the court acknowledges this clarification of Plaintiff's claims, this objection must be overruled.

### B. Objection # 2

Plaintiff next objects to another factual finding of the Magistrate Judge, (*see* R&R 4 n.5), where the R&R appears to suggest that Plaintiff has modified his claims of retaliation that form the basis of this lawsuit.  Plaintiff clarifies that paragraphs 11 through 48 of the complaint provide factual background, but do not allege numerous retaliatory events.  As was noted above in the discussion of Objection # 1, the court understands Plaintiff only to allege retaliation in the form of issuance of the Reports in

4

response to Plaintiff mailing the notice documents.  That the Magistrate Judge generously read Plaintiff's complaint for additional possible retaliatory actions did not prejudice Plaintiff, and so even if such a reading was error, it was error that could have only helped, and certainly did not harm, Plaintiff.  Therefore this objection, too, must be overruled.

### C. Objection # 3

Plaintiff's final, and most substantial, objection centers on the Magistrate Judge's interpretation of Section F(2) of Michigan Department of Corrections Policy Directive 03.02.130, which outlines the procedures for prisoners and parolees to assert grievances, and for the Department to adjudicate those grievances.  The section provides in relevant part:

> Grievances that raise the following non-grievable issues . . . shall be rejected:
> . . .
> > 2. Decisions made in hearings conducted by hearing officers of the State Office of Administrative Hearings and Rules, including property disposition, and issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing).

Plaintiff contends that the issuance of Reports fits within this provision of non-grievable issues.  He parses the subsection into two classes of non-grievable issues: "[d]ecisions made in hearings," and "issues directly related to the hearing process." Plaintiff argues that the Magistrate Judge erred by construing the subsection as only identifying as non-grievable the former, and not the latter.  Further, he says that because "Defendants' issuance of the misconduct report themselves [sic] is inextricably intertwined with and cannot be separated from the circumstances that were ultimately

5

the issues to be resolved through the hearing process," the retaliation claim is non-grievable as it is an "issue directly related to the hearing process." (Objections 4-5.) He attempts to bolster this argument by averring that prison officials are unlikely to address a grievance that in effect attempts to collaterally attack the major misconduct hearing process that is initiated by the filing of a Report, and therefore "policy concerns . . . preclud[e] review" of the hearing process by the grievance process. (*Id.* at 5.) Plaintiff advances an estoppel argument, though he does not label it as such, contending that the Department's response to a separate 2008 grievance by Plaintiff in the form of an affirmance of the rejection of the grievance at "Step III" evinces an interpretation of Section F(2) that would be inconsistent with a finding that the issuance of the Reports is grievable. (*Id.* at 6.) Finally, he says that, at the very least, there is a genuine issue of material fact regarding the interpretation of Section F(2). (*Id.*) If the issuance of the Reports is non-grievable, then the Magistrate Judge erred in finding that Plaintiff had failed to exhaust his administrative remedies, which failure bars him from advancing this federal civil rights action.

As an initial matter, Plaintiff incorrectly argues that the summary judgment standard of a genuine dispute of material fact, Fed. R. Civ. P. 56(a), applies to the interpretation of Section F(2). Whether Plaintiff has exhausted his administrative remedies is a question of law for the court. *See Curry v. Scott*, 249 F.3d 493, 503 (6th Cir. 2001) (applying *de novo* standard of review to district court's dismissal for failure to exhaust administrative remedies).

Plaintiff is also incorrect in the assertion that the Magistrate Judge did not consider the possibility that the issuance of a Report is an "issue[] . . . directly related to

6

the hearing process," as the phrase, "or anything else that occurred[] in the subsequent misconduct hearings," (R&R 9), clearly contemplates the examples provided in Section F(2). Moreover, that possibility is implausibly strained. Section F(2) provides examples of the types of issues that are directly related to the hearing process: "sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing." These examples illustrate that an issue is non-grievable not because it merely relates to some fact that might be raised in the hearing process, but because it *directly* relates to the hearing *process*. Plaintiff's "issue," while sharing a factual background with the matter considered in the hearing, neither *directly* relates to the hearing nor relates at all to that hearing's *process*, unlike such procedural issues as timeliness. Thus, the Magistrate Judge's interpretation of that provision and conclusion that Plaintiff failed to exhaust his administrative remedies is well-founded.

The court is guided in part by the doctrine of *ejusdem generis*, which provides that "when a statute sets out a series of specific items ending with a general term, that general term is confined to covering subjects comparable to the specifics it follows." *Hall Street Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 586 (2008); *see also Canton Police Benevolent Ass'n of Canton v. United States,* 844 F.2d 1231, 1236 (6th Cir. 1988) (under the "time-honored rule of *ejusdem generis*, . . . a general word in a statute takes its character from the specific words with which it appears"). Here, the non-grievable issues include only those "issues directly related to the hearing process (e.g., sufficiency of witness statements; timeliness of misconduct review; timeliness of hearing)." The regulation here is not a statute, but canons of interpretation of statutes are "equally applicable to regulations." *See United States v. Caseer*, 399 F.3d 828, 851

7

(6th Cir. 2005). The general term in this regulation is "issues directly related to the hearing process," and the specifics are the things such as sufficiency of evidence set forth in the parenthetical list. Although the general term precedes the specific terms in Section F(2), the canon is equally applicable, as a simple rearrangement of the clause would not alter its meaning. All of these specific terms do indeed directly relate to the process of presenting a hearing designed to investigate and resolve relevant complaints. None of them comprehend the preliminaries, such as the substance of or motivation behind an investigation that precedes a complaint or the technique used in preparing and presenting an initiating document.

While the court can only speculate as to the policy underlying Section F(2) on the record before it, the Department has likely made a determination that when a hearing has been conducted, the prison system will not then provide another procedural avenue to "re-litigate" the same issues that arose in the hearing or to attack the method in which the hearing was conducted, in the interests of efficiency, finality, and comity. But Plaintiff's concerns about the issuance of retaliatory Reports, while sharing a similar set of facts to the issues addressed in the hearing initiated by those Reports, is not a decision that arose from that hearing nor an issue directing related to the hearing process. Plaintiff points to no authority that in fact states the issuance of the Reports could not have been addressed through the grievance process separately from the hearing, and in any event, the fact of the issuance of the Reports, even if substantively related to matters considered at the misconduct hearing, is not itself "directly related to the hearing process." Far from error, the Magistrate Judge quite properly found that the

8

issuance of the Reports does not constitute a non-grievable issue within the meaning of Section F(2).

With respect to Plaintiff's estoppel argument, the Magistrate Judge's analysis is similarly on the mark. While the Department's interpretation of Section F(2) in 2008 might be relevant to its interpretation of that section in 2007, it is possible that the interpretation changed, and so is not necessarily controlling. More important, however, is that the foundation of the 2008 grievance relates to the confiscation of property, not to the issuance of a Report, even though a Report was issued around the same time period. Plaintiff's assertion that he also filed the grievance on account of a retaliatory fraudulent Report is unavailing, because that assertion is unsupported by the record. (*See* Compl. Ex. A.)

Moreover, it is unclear why Plaintiff filed the 2007 grievances at all if the issuance of Reports was non-grievable. It is noteworthy that those grievances were rejected as untimely, and not as improper under Section F(2), and it now appears that Plaintiff, with the benefit of hindsight, is attempting to avoid his own procedural default resulting from untimely filing of the grievance based on a forced reading of Department documents rejecting his 2008 grievance.

In sum, the Magistrate Judge correctly interpreted Section F(2), notwithstanding Plaintiff's creative reading of and arguments over that provision. Thus, the Magistrate Judge properly found Plaintiff had not exhausted his administrative remedies, and therefore summary judgment is appropriate. The court will overrule this third objection.

### III. CONCLUSION

Accordingly, IT IS ORDERED that Plaintiff's "Objections to the . . . Report and Recommendation" [Dkt. # 25] are OVERRULED.

IT IS FURTHER ORDERED that the Magistrate Judge's "Report and Recommendation Granting Defendants' Motion for Summary Judgment" [Dkt. # 15] is ADOPTED, and Defendants' "Motion for Summary Judgment" [Dkt. # 11] is GRANTED.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 22, 2010

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 22, 2010, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\C2 ORDERS\09-13936.DORCH.OverruleObjectionsAdoptRR.jmp.wpd
10