UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHRISTOPHER DORCH,

    Plaintiff,

v.                                              Case No. 2:09-cv-13936

RITA CRITTENDEN and
MICHAEL A. NOWAK,

    Defendants.
                                        /

**ORDER DENYING WITHOUT PREJUDICE
PLAINTIFF'S "MOTION TO APPOINT COUNSEL"**

On December 20, 2011, Plaintiff Christopher Dorch filed a motion requesting that the court "appoint" him counsel under 28 U.S.C. § 1915(e)(1). The court discussed the motion with the parties during a telephone conference conducted on the record on December 21, 2011. For the reasons stated herein and discussed on the record at the telephone conference, the court will deny Plaintiff's motion without prejudice.

There is no constitutional right to appointed counsel in a civil case. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987). Unlike in criminal cases, the court does not have at its disposal a roster of attorneys whom it can "appoint" to represent a civil party. At the most, the court could only *request* that an attorney represent Plaintiff at no cost under § 1915(e)(1). As a general rule, the court will only make such a request in exceptional circumstances. *Edwards v. Simpson*, 833 F.2d 1012 (6th Cir. 1987) (unpublished table decision) (citing *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986)).

At this time, the court is not persuaded that Plaintiff's case merits a request for counsel under § 1915(e)(1). The court recognizes that, given Plaintiff's incarceration, he may encounter certain obstacles while attempting to conduct discovery; for example, as pointed out by Plaintiff at the telephone conference, he may have difficulty accessing Defendants' personnel records, should it become necessary for him to review such documents in the course of discovery. Nevertheless, such challenges are not unique to Plaintiff, but are in fact confronted by virtually any incarcerated individual who initiates a *pro se* action that proceeds to discovery. As a result, the court finds that no exceptional circumstances currently exist to justify action under § 1915(e)(1), and the court will deny Plaintiff's motion. However, the denial will be without prejudice, as the court is open to reconsidering Plaintiff's request for counsel at a later point in this litigation. For instance, the court may be willing to entertain another motion under § 1915(e)(1) in the event that Plaintiff is unable to conduct adequate discovery or if this matter proceeds to trial. Accordingly,

IT IS ORDERED that Plaintiff's "Motion to Appoint Counsel" [Dkt. # 40] is DENIED WITHOUT PREJUDICE.

    s/Robert H. Cleland
ROBERT H. CLELAND
UNITED STATES DISTRICT JUDGE

Dated: December 23, 2011

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, December 23, 2011, by electronic and/or ordinary mail.

    s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522