**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CHRISTOPHER DORCH,

    Plaintiff,

v.                                                 Case No. 09-13936

RITA CRITTENDEN and MICHAEL
A. NOWAK,

    Defendants.
                                         /

**ORDER DISMISSING ACTION AS MALICIOUS**

      Plaintiff, a state prisoner proceeding *in forma pauperis*, sues two prison administrators, Rita Crittenden and Michael Nowak, as officials and as individuals, for damages and for an injunction, under 42 U.S.C. § 1983.  Plaintiff asserts that Defendants violated Plaintiff's constitutional rights by reporting Plaintiff for misconduct after he sent each Defendant mail.  Plaintiff moves to extend discovery and to compel, and Defendants move for summary judgment.  But because record evidence establishes that the action is malicious under 28 U.S.C. § 1915(e)(2)(i), the court will dismiss the complaint.

      Around September, 2005, Plaintiff mailed "to various state officials" a "Conditional Acceptance for Value for Proof of Claim."  (Compl., Dkt. # 1 at 3-4.) Despite its vaguely official sound, the mailing's title is meaningless.  Accordingly, the Michigan Attorney General's Office sent Plaintiff a letter that said the mailing had no legal effect.  The letter also warned Plaintiff that attempting to use a fraudulent document to encumber any of the state officials' property would violate the law.  In

response Plaintiff mailed the Attorney General's Office a "Non-Statutory Abatement and Bill of Peace," also devoid of substance. (*Id.* at 4.)

Plaintiff claims prison officials learned of his 2005 mailings and, as a consequence, began a campaign of sporadic and often petty harassment. The complaint alleges that officials searched Plaintiff's cell, revoked his prison job with a false termination report, inspected his typewriter, restricted his access to the law library, delayed the processing of his mail, and turned away some of his visitors. So far, however, nothing but the complaint's perfunctory statements evidences any of these alleged harms, and nothing but Plaintiff's word attaches the alleged harms to a conspiracy to punish Plaintiff for his 2005 mailings. In any event, in June, 2007, Plaintiff was transferred to another prison. Plaintiff claims Defendants facilitated the transfer. In protest he mailed each Defendant a "Notice of Claim and Reservation of Rights."

Finding this "notice" alarming, each Defendant sent Plaintiff's new prison a misconduct report. (Compl. Exs. A-B, Dkt. # 1 at 23-24.) A misconduct hearing followed. The presiding officer concluded that each notice attempted to establish a claim under the Uniform Commercial Code and that each notice therefore constituted a threat. (*Id.* Ex. C, Dkt. # 1 at 25-26.) According to the complaint, Plaintiff told the officer that the notice "did not rely" on the UCC for "[a] cause of action" but instead "cited the United States Code . . . so as to eliminate any confusion." (*Id.* at 9.) Apparently unpersuaded, the officer found Plaintiff guilty of "insolence" and sentenced him to thirty days of detention and thirty days without privileges.

Although an inmate enjoys a First Amendment right to submit a grievance, the right protects only a grievance that is not frivolous. *Herron v. Harrison*, 203 F.3d 410,

415 (6th Cir. 2000); *see also Thaddeus-X v. Blatter*, 175 F.3d 378, 395 (6th Cir. 1999) ("Absent protected conduct, plaintiffs cannot establish a constitutional violation."). Plaintiff's action stands on the allegation that each Defendant submitted a fraudulent misconduct report to retaliate against Plaintiff's protected grievance, that is, the "Notice."

In his response to the motion for summary judgment Plaintiff submits the notice—the supposedly legitimate grievance. Although the copy he submits addresses Nowak, the last page says "cc: Rita Crittenden." (Pl.'s Resp. Ex. 3, Dkt. # 62 at 34.) A cover letter states in part:

> Attention: Mr. Nowak
>
> This NOTICE is hereby given to inform you of the existence of a claim enforceable against you . . . . Your voluntary participation, as a co-conspirator, aider and abettor, or facilitator of wrongs committed against the Undersigned, concomitantly binds you to liability and fault, creating civil, criminal and/or commercial obligations.
> . . . .
> This NOTICE constitutes your due process.

(*Id.* at 28.) Behind the cover letter is the notice, addressed to a "Respondent," the director of the Michigan Department of Corrections (although the cover letter warns Nowak of his liability for "Respondent's" conduct). The notice informs Respondent that her actions "are akin to war tactics" and that she has "no immunities to said charges." (*Id.* at 30-31.) The notice continues:

> TAKE NOTICE, the name appearing on the face of Respondent's agency form CSJ-481 is not the Undersigned's Christian name. To be more exact, the name appearing in all upper case letters, is a fiction, assumption, a supposition of law; based on public policy and NOT law, but simply the whim of the hour. Respondent's tacit admission by silence, that the Undersigned and the name appearing in all caps are not one and the same and taking notice to the public record (establishing the difference and distinctions between the two) eliminates any controversy that Respondent's papers identifying one DORCH, CHRISTOPHER is in reference to the

3

> Undersigned.  Said papers failing to show Respondent's warrant in law to move the Undersigned, Respondent's acts therefore classify as the element of asportaion necessary to constitute an act of kidnapping.
> . . . .
> The Undersigned has acquired secured party standing by filing of a UCC-1 Financing Statement with Department of State, UCC Unit - indexed, referenced and attached hereto as Financing Statement Number 2007060127–6. Pursuant to the Uniform Commercial Code the Undersigned is Secured Party and Holder-in-due-course over the governmentally created, artificial and fictitious trade-name appearing on Respondent's papers. Further, the name appearing on Respondent's papers is a common-law trade-name/trademark and common-law copyright of the Undersigned.
>
> NOTICE IS HEREBY GIVEN regarding Respondent's unauthorized use of the commercial vehicle, referenced as "DORCH, CHRISTOPHER." Said unauthorized use may be actionable under Title 15 USC §§§ 1116, 1122 and 1125.  Accordingly, as stated in the terms of the Undersigned's Copyright Notice, said trade-name/trademark, "CHRISTOPHER DEJANERIO DORCH" . . . may neither be displayed, nor used, nor reproduced [*etc.*] . . . . Any unauthorized use constitutes counterfeiting and . . . copyright infringement . . . . [Respondent owes Plaintiff] the sum certain amount of $500,000.00 per each occurrence of unauthorized use.  Respondent is liable for complete compensation, as Respondent is in default . . . .
> . . . .
> Absent compliance with all requirements set forth herein Respondent is bar[r]ed from using any defense of immunity from prosecution for Respondent's actions.

(*Id.* at 31-34.)  Rather than merely grieve the June, 2007, transfer, the notice charges Defendants with kidnapping and, more ambitiously, several million dollars' worth of copyright infringement.  Further, Defendants submit a UCC Financing Statement that arrived with the notice.  (Defs.' Reply Ex. 2, Dkt. # 63-3.)  The UCC statement, which lists Plaintiff as both "debtor" and "secured party," is a mere gimmick designed to establish Plaintiff's "ownership" of his name.  *Cf. Jones v. Caruso*, 569 F.3d 258, 261 (6th Cir. 2009) (collecting authorities dismissing an action involving an inmate and a fraudulent or absurd UCC "lien" or "copyright").

4

Under 28 U.S.C. § 1915(e)(2)(i), a federal court may defend both itself and a public official from harassment by dismissing "at any time" the "frivolous or malicious" suit of an inmate proceeding *in forma pauperis*. See *Crawford-El v. Britton*, 523 U.S. 574, 600 (1998). Plaintiff sent each Defendant an abusive and threatening notice that served no legitimate legal purpose. He now commits an abuse of process by suing Defendants for acts arising from his unprotected vexatious behavior. See *Herron*, 203 F.3d at 415; see also *West v. West*, ___ F.3d ____, No. 11-3398, slip op. at 5-6 (7th Cir. Sept. 17, 2012); *Deutsch v. United States*, 67 F.3d 1080, 1086 (3d Cir. 1995) ("frivolous" cases are those "of little or no weight, value, or importance, not worthy of serious consideration, or trivial."); *Restatement (Second) of Torts* § 682 (1977). The unsupported and perfunctory assertions that Defendants and other prison officials committed "fraud" confirm that this action's first aim is harassment. This suit is both malicious and frivolous, and as such will be dismissed.

Some additional commentary is due to explain the timing of a dismissal based, as this one is, on such an apparently simple fundamental point, leaving a reader to wonder why a dismissal was not forthcoming at the outset of this case that began more than three years ago and has now consumed an abundance of public money and judicial time and attention. The short answer is that neither Plaintiff nor Defendants informed the court about the core of Plaintiff's various grievances, now revealed as utterly spurious. In the meanwhile, the marshal served Defendants, the state prepared a motion for summary judgment, which the magistrate judge and the district court considered and resolved. The state defended an appeal, which the court of appeals considered and resolved. And the state conducted discovery, prepared a second

motion for summary judgment, and responded to a motion to strike and to two discovery motions. Then, only after these efforts, Plaintiff submitted the germ of the whole affair, his unserious "UCC" notice and threatening "copyright" claims.

So, although the nearly summary dismissal now of this long-pending action might seem surprising at first, it is only the most recent events that demonstrate so emphatically that the action must end. Accordingly,

IT IS ORDERED that this action is DISMISSED under 28 U.S.C. § 1915(e)(2)(i).


        s/Robert H. Cleland
        ROBERT H. CLELAND
        UNITED STATES DISTRICT JUDGE

Dated: October 11, 2012


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 11, 2012, by electronic and/or ordinary mail.

        s/Lisa Wagner
        Case Manager and Deputy Clerk
        (313) 234-5522